RAYMOND WOLF, Plaintiff-Appellant, v. GEORGE REDMORE, d/b/a The Beaverville Tap, *et al.*, Defendants-Appellees.

Third District   No. 3—85—0537

Opinion filed April 11, 1986.—Rehearing denied May 13, 1986.

Paula Brooks Tarr and Alfred D. Stavros, both of Stavros & Biasiello, of Wheeling, for appellant.

Christopher Meyer and John F. Martin, both of Dukes, O'Rourke, Stewart, Martin & Helm. Ltd., of Danville, for appellee John Canale.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Iroquois County which dismissed the third amended complaint of the plaintiff Raymond Wolf for the failure to bring suit by a proper party within the statute of limitations period. At the time of dismissal, the only defendant remaining in the case was John Canale, d/b/a The Waterin' Hole.

The factual and procedural background of this appeal commenced on June 4, 1983, when Wanda L. Wolf was killed in an automobile accident with a Steven A. DeWitt. The plaintiff alleges that DeWitt, at the time of the accident, was intoxicated as the result of the consumption of alcoholic beverages sold to him in the establishment owned and operated by the defendant Canale and which was known as The Waterin' Hole. The decedent Wanda L. Wolf left surviving the plaintiff and a minor son, Jerry Monroe Richey, Jr., for whom she provided sole financial support.

On June 1, 1984, the plaintiff filed his individual capacity, as surviving spouse, a dramshop action against all the defendants listed in the caption of this opinion. On the same day, the plaintiff filed a like action in the United States District Court for the Central District of Illinois. This complaint was filed for the benefit of the minor child, Jerry Monroe Richey, Jr., by the plaintiff as guardian. Motions were filed both against the Federal action and the State action, which resulted in an agreement by counsel for all parties that the attempted Federal action would be dismissed and that the plaintiff would pursue his action in the State court. The Federal action was dismissed on October 19, 1984.

On October 10, 1984, an amended complaint was filed in the Iroquois County circuit court by Raymond Wolf, administrator of the estate of Wanda L. Wolf, with the caption of the case listing the plaintiff as "In the Matter of the Estate of Wanda L. Wolf." At the time of this filing, no administrator had been appointed for the estate of the decedent Wanda L. Wolf. This purported action was subject to motions to strike and dismiss, and the trial court did dismiss the amended complaint but granted leave to the plaintiff to file another amended complaint.

Ultimately, to wit on January 4, 1985, an estate was opened for the decedent Wanda L. Wolf, and the plaintiff was appointed administrator. On January 18, 1985, a third amended complaint was filed in which the plaintiff was denominated "Raymond Wolf as Administrator

of the estate of Wanda L. Wolf, deceased." This third amended complaint was also subject to motions to dismiss on the grounds that the statute of limitations for a dramshop action had run on June 4, 1984, and that no personal representative had been appointed for the decedent until January 4, 1985, and that such personal representative did not file a complaint on behalf of the deceased until January 18, 1985. The trial court concluded that the plaintiff had failed to bring suit by a proper party within the limitation period and entered an order dismissing plaintiff's third amended complaint. It is from this order that plaintiff appeals.

The specific question presented in this appeal is whether the third amended complaint of the plaintiff which correctly set forth the plaintiff as being "Raymond Wolf as Administrator of the estate of Wanda L. Wolf, deceased" will relate back to the first complaint filed so as to defeat the running of the statutory limitation period set forth in the Dramshop Act.

In addressing this question, we first note that all of the complaints filed by the plaintiff " 'grew out of the same transaction or occurrence set up in the original pleading.' " *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 288, 122 N.E.2d 540, 548.

A case strikingly similar to the one which we are considering is *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440. In *Simmons*, we find a dramshop case where we had a misnomer as to the correct plaintiff, but which was corrected after the period of limitations had run. Justice Schaefer analyzed and construed section 46 of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110, par. 46) as permitting any amendment of a pleading filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided only that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. (See *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440, 443.) Justice Schaefer was analyzing section 46 of the Civil Practice Act, which is now section 2—616 of our Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616).

In the case of *Simmons*, it was noted that insofar as a prescription or limitation of time is concerned, a defendant has not been prejudiced so long as his attention was directed within the time prescribed or limited, to the facts that form the basis of the claim

asserted against him. With such information, a defendant is able to conduct the necessary investigation for his defense of a claim and is not adversely affected by an initial failure to state it with meticulous perfection. *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440, 443.

In the instant case, the defendant was initially well informed as to the nature of the claim asserted against him. The defendant, however, attempts to distinguish the case of *Simmons* by arguing that in *Simmons* the person providing support, though incarcerated in the penitentiary, was still living, while in the instant case there was no entity in existence during the entire limitation period who or which could have been named as a proper plaintiff in a dramshop action. We recognize the distinction but fail to see any logical difference. The defendant in the instant case cannot validly assert that he is in any way more prejudiced than the defendant in the case of *Simmons* who was found not to be prejudiced.

While not a dramshop action, we nevertheless cite the case of *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982, as authority for holding that the third amended complaint of the plaintiff in the instant case related back to the original complaint and hence should not have been dismissed as being in violation of the limitation period set forth in the Dramshop Act. The case of *Pavlov* involved a wrongful death action but in all other respects presents a situation like that presented to this court in the instant case.

For the reasons set forth, the order of the circuit court of Iroquois County dismissing the third amended complaint of the plaintiff is reversed and this case is remanded for further proceedings.

Reversed and remanded.

STOUDER and WOMBACHER, JJ., concur.