WILLIAM PAVLOV, Adm'r of the Estate of Frank Magadan, Deceased, Plaintiff-Appellee, *v.* ROGER KONWALL, Defendant-Appellant.

First District (3rd Division)   No. 81—2117

Opinion filed March 30, 1983.

Sweeney and Riman, Ltd., of Chicago (Kevin F. Donohue, of counsel), for appellant.

William D. Maddux & Associates, of Chicago (William D. Maddux and Bruce M. Lane, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

This is a permissive interlocutory appeal from the order of the circuit court of Cook County denying the motion of defendant, Roger

Konwall, M.D., to dismiss the second amended complaint brought under the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2). The plaintiff is William Pavlov, administrator of the estate of Frank Magadan, deceased.

Pavlov's original complaint was filed on March 3, 1980, alleging *inter alia* that: Magadan died on March 5, 1978, various negligent acts of defendant proximately caused his death; and Pavlov was the administrator of the estate of decedent who left surviving him his wife who suffered pecuniary loss. On the same day that this complaint was filed, Pavlov was appointed administrator of the estate, on the motion of attorneys, William D. Maddux and Associates. The appointment was made pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2.1), which provides that a court may appoint a special administrator "upon motion of any person who would be entitled to a recovery" under the Act. William D. Maddux and Associates were not such persons. Konwall moved to dismiss the complaint upon the ground that Pavlov was not a proper party plaintiff. The court dismissed the complaint with prejudice but later vacated its dismissal order and reinstated the cause. Pavlov then filed an amended complaint that was subsequently stricken.

On January 26, 1981, Pavlov was again appointed administrator of decedent's estate, this time apparently on motion of persons who would be entitled to a recovery under the Act. On March 23, 1981, he filed a second amended complaint which made substantially the same allegations as his original complaint. Konwall again moved to dismiss the cause of action alleging that when the original complaint was filed on March 3, 1980, Pavlov was not a proper party plaintiff. The motion further alleged that Pavlov's appointment as administrator on January 26, 1981, was beyond the two-year statute of limitations applicable to wrongful death actions, and therefore could not relate back to the original complaint since the lack of a proper party plaintiff made that filing a complete nullity. The trial court denied defendant's motion to dismiss and certified the following question for appeal: "Does a proper appointment of an administrator relate back to the initial filing of a complaint under the Wrongful Death Act?"

The Illinois Wrongful Death Act requires that an action be brought by and in the names of the personal representatives of the deceased person within two years after death. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) However, section 46(1) of the Civil Practice Act provides that prior to final judgment an amendment may be allowed to introduce "any party who ought to have been joined as plaintiff or defendant." (Ill. Rev. Stat. 1979, ch. 110, par. 46(1).) Section 46 fur-

ther provides that:

> "The cause of action \*\*\* set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted \*\*\* in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact \*\*\* which is a necessary condition precedent to the right of recovery \*\*\* if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action \*\*\*." (Ill. Rev. Stat. 1979, ch. 110, par. 46(2).)

The relation-back doctrine was included in section 46 to implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading. *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838; see *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25, 302 N.E.2d 64.

This court has applied the relation-back doctrine under circumstances similar to those before us. In *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95, the plaintiff filed a timely wrongful death action in her individual capacity and not as the personal representative of her deceased husband. After the expiration of the limitation period, the plaintiff amended her complaint making substantially similar allegations except that following the limitations period she had become the administratrix of decedent's estate. The appellate court held that the amended complaint related back to the time of the filing of the original complaint and, thus was timely filed under section 46 of the Civil Practice Act. The *Redmond* court reasoned:

> "The amended complaint filed more than two years after decedent's death made substantially the same allegations, except that plaintiff appears in her capacity as administratrix of decedent's estate. There appears no question that the cause of action alleged in the third amended complaint was that intended to be brought in the original complaint and that they arose out of the same occurrence." 65 Ill. App. 3d 669, 677.

In view of the purpose behind section 46 and the rationale of

*Redmond,* we believe that in the instant case the second amended complaint relates back to the time of the filing of the original complaint. Both pleadings make substantially the same allegations and, the cause of action asserted in the amended and original pleadings arose out of the same occurrence or transaction. In both pleadings the estate of decedent has been named as the interested party and it has been clear from the start that Pavlov intended to bring the action as administrator of that estate. That Pavlov was not properly named administrator on the motion of the decedent's heirs until after the limitations period had run is a technical consideration which, in light of section 46, should not prevent the cause from being decided on its merits in furtherance of justice. See *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25; *Frey v. Belleville News-Democrat, Inc.* (1978), 64 Ill. App. 3d 495, 499, 381 N.E.2d 705.

Konwall notes, however, that the time fixed by the Wrongful Death Act for the commencement of an action is a condition precedent to the right to bring an action under the Act. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) Therefore, he argues that Pavlov's attempts, subsequent to the expiration of the statute of limitations, at filing an amended complaint and an amended motion to be appointed properly as administrator and to have them relate back to the date of filing the original complaint were clearly erroneous. He also argues that because the original complaint was not brought by a proper party, it was a nullity and, therefore, there was nothing to which the amended complaint could relate back.

Konwall relies on *Scott v. Skokie Valley Community Hospital* (1977), 54 Ill. App. 3d 766, 370 N.E.2d 107. In *Scott,* a wrongful death action was timely filed in the name of an administrator, but letters of administration were not issued until more than two years after decedent's death when the probate division of the court ordered their issuance *nunc pro tunc* as of the date of the filing of the wrongful death action. The sole question on appeal, as there stated by this court, was "whether a court order *nonc pro tunc* may relate back to a date prior to the commencement of proceedings in *that* court." (Emphasis added.) (*Scott v. Skokie Valley Community Hospital* (1977), 54 Ill. App. 3d 766, 767.) There the court held that the probate court lacked authority to so amend its order *nunc pro tunc.*

We believe that *Scott* is distinguishable from the case at bar. In that case no probate proceedings were commenced until well after the limitation period had passed. Furthermore, in *Scott* the applicability of section 46 was not addressed. In the instant case the wrongful death action and the proceeding in which Pavlov was first appointed admin-

istrator of the estate all commenced within the statute of limitations.

Konwall argues that both the limitations period prescribed by the Wrongful Death Act and the requirement that the action be brought in the name of the personal representative of the deceased are conditions precedent to recovery under the Act. However, this court has held that an amendment under section 46 of the Civil Practice Act can relate back to cure a defective pleading which did not set forth a condition precedent under the Wrongful Death Act. See *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 676-77, and authorities cited therein.

Accordingly, for the reasons set forth above we hold that the proper appointment of Pavlov as administrator did relate back to his initial filing of a complaint under the Wrongful Death Act and, therefore, the trial court properly denied Konwall's motion to dismiss.

Affirmed.

McNAMARA, P.J., and McGILLICUDDY, J., concur.