BERNARD O. LOPEZ, Adm'r of the Estate of Michael A. Lopez, Deceased, Plaintiff-Appellant, v. VICTOR R. OYARZABAL *et al.*, Defendants-Appellees.

First District (1st Division)  No. 1—87—3599

Opinion filed February 6, 1989.—Rehearing denied March 17, 1989.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellant.

John C. Healy and Robert C. Farrar, both of Heineke, Burke, Healy & Bodach, of Chicago, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Bernard O. Lopez, appeals from the dismissal of his wrongful death and dramshop action in the trial court which was dismissed on the basis that he failed to be appointed administrator of his son's estate prior to the expiration of the statute of limitations and, therefore, he was not a proper party plaintiff. On appeal, plaintiff contends that his appointment as administrator following the expiration of the statute of limitations for both the wrongful death action and the dramshop action relates back to the date of filing of the original complaint wherein he alleged he was the administrator of the estate.

On October 17, 1984, plaintiff brought a wrongful death action against defendant, Victor R. Oyarzabal, and alleged that plaintiff, Bernard O. Lopez, was the "duly acting and authorized administrator of the estate of Michael A. Lopez, Deceased." Michael Lopez, the son of Bernard Lopez, had died in a motorcycle accident on October 6, 1984. At the time of the filing of the complaint, plaintiff had not been appointed as administrator of the estate pursuant to the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 1—1 et seq.).

On December 7, 1984, a first amended complaint was filed seek-

ing recovery under the Illinois Dramshop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135) and adding the two additional defendants, Martha Margalski and Thomas Margalski. The first amended complaint also alleged that plaintiff was the administrator of the estate of the decedent. On December 21, 1984, defendant Oyarzabal filed a motion to strike the amended complaint contending that plaintiff had not been properly appointed administrator of the estate of Michael Lopez. On March 5, 1985, the trial court entered an order striking the first amended complaint, denying plaintiff's motion for appointment of a special administrator and granting plaintiff leave to file a second amended complaint.

On March 18, 1985, plaintiff's motion to be appointed as special administrator was granted by an order entered in the law division.[1] On March 29, 1985, a second amended complaint was filed in which the allegations were identical to those stated in the first amended complaint. On December 3, 1986, defendants Two-Way Inn, Inc., Martha Margalski and Thomas Margalski moved to dismiss the second amended complaint arguing that plaintiff had never been properly appointed administrator of the estate of Michael Lopez by the probate court and that his action was barred since the statute of limitations had expired.

Thereafter, on February 4, 1987, pursuant to the Probate Act, letters of administration were granted to plaintiff naming him administrator of the estate of Michael Lopez. On March 18, 1987, plaintiff filed a response to defendants' motion to dismiss contending that his appointment as administrator related back to the date of the filing of the original complaint and, therefore, any subsequent amended complaint arising out of the same occurrence was not barred by the expiration of the statute of limitations. On October 26, 1987, defendants' motion to dismiss was granted by the trial court and plaintiff now appeals.

■ The Illinois Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2) requires that the action be brought within two years of the

---

[1]Neither party has briefed or argued on appeal the propriety of the order of March 18, 1985, appointing a special administrator entered in the law division rather than the probate division of the circuit court of Cook County. Jurisdiction is vested in the court itself and not in any individual judge (*People ex rel. Sanbach v. Weber* (1949), 403 Ill. 331, 86 N.E.2d 202; *State Bank v. Fair Winds, Inc.* (1979), 73 Ill. App. 3d 597, 392 N.E.2d 638), and the divisions of the circuit court have equal and concurrent jurisdiction. See *In re Estate of Olson* (1983), 120 Ill. App. 3d 744, 458 N.E.2d 154; *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698; H. Fins, Illinois Appellate Practice Under the New Constitution 110–19 (2d ed. 1977).

date of the occurrence. Section 2—616 of the Illinois Code of Civil Procedure, however, provides that prior to final judgment an amendment may be allowed to introduce "any party who ought to have been joined as plaintiff or defendant." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616.) Section 2—616 further provides for the relation back of amended complaints:

> "The cause of action \*\*\* set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted \*\*\* in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act \*\*\* which is a necessary condition precedent to the right of recovery \*\*\* if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616.)

The legislative intent of the relation back provision has been construed as the preservation of causes of action, including those brought under the Wrongful Death Act (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95), and those brought under the Dramshop Act (*Wolf v. Redmore* (1986), 142 Ill. App. 3d 770, 491 N.E.2d 1367), "against loss by reason of technical rules of pleading" (*Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 578, 447 N.E.2d 982, 984). "[T]he right to amend and the relation back of an amendment depend on whether the original complaint furnished to the defendant all the information necessary for him to prepare a defense to the claim subsequently asserted in the amended complaint. *Joyce v. Wilner* (1987), 156 Ill. App. 3d 702, 706, 509 N.E.2d 769.

■ In *Pavlov*, the plaintiff filed a wrongful death action alleging that he was the administrator of the estate of the decedent. At the time of filing the complaint, the plaintiff had not been appointed as the administrator of the decedent's estate, and, therefore, did not fulfill the requirement of the Wrongful Death Act that the action be brought in the name of the deceased's personal representative. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) After the expiration of the limitation period for bringing an action under the Wrongful Death Act, the plaintiff was appointed administrator of the estate of the decedent,

and an amended complaint making substantially the same allegations as in the original complaint was subsequently filed. The court held that under section 2—616, the amended complaint related back to the date of the first complaint, stating:

> "In both pleadings the estate of decedent has been named as the interested party and it has been clear from the start that [the plaintiff] intended to bring the action as administrator of that estate. That [the plaintiff] was not properly named administrator on the motion of the decedent's heirs until after the limitations period had run is a technical consideration which, in light of section 46, should not prevent the cause from being decided on its merits in furtherance of justice." (*Pavlov*, 113 Ill. App. 3d at 579, 447 N.E.2d at 984.)

In our opinion, the holding of *Pavlov* is dispositive of the issue presented in the case at bar. In *Pavlov*, the court's query was whether the plaintiff's intent to file as the representative of the estate had been evidenced in all of the pleadings. It is clear from an examination of the pleadings here that plaintiff alleged he was the representative of the estate in the original complaint and the amended complaints. Further, plaintiff was appointed special administrator of the estate by an order entered in the law division on March 18, 1985, which was within the applicable limitations periods. Therefore, the trial court erred in dismissing plaintiff's complaint. See also *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196; *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95.

The relation back doctrine has similarly been applied to an action brought under the Dramshop Act. In *Wolf v. Redmore* (1986), 142 Ill. App. 3d 770, 491 N.E.2d 367, the plaintiff improperly filed a dramshop action as an individual seeking recovery for the death of a spouse within the one-year statute of limitations provided in the Act. After more than a year had elapsed from the date of the decedent's death, the plaintiff filed an amended complaint alleging that he was the administrator of the decedent's estate although in fact he had not been appointed by the probate court. The trial court dismissed the amended complaint, but gave leave to be appointed as administrator and to file a third amended complaint as administrator and to file a third amended complaint as administrator of the decedent's estate. Defendant filed a motion to dismiss contending that the one-year time limit under the Act had run before the plaintiff had been appointed and that the action was barred. As in *Pavlov* and *Redmond*, the *Wolf* court held that the third amended complaint related back to the date

of filing of the original complaint since the causes of action in both arose out of the same occurrence and since defendant had been put on notice by the original action.

Defendants cite *Scott v. Skokie Valley Community Hospital* (1977), 54 Ill. App. 3d 766, 370 N.E.2d 107, as support for their position that plaintiff's failure to be appointed administrator pursuant to the Probate Act rendered plaintiff's first and second amended complaints a nullity. We find *Scott* distinguishable from the case before us. In *Scott*, the plaintiff filed a wrongful death action before being appointed as the personal representative of the decedent's estate. More than two years later, following expiration of the statute of limitations, he petitioned the probate court to enter an order *nunc pro tunc* appointing him as the administrator of the estate and having his appointment relate back to the date of filing his wrongful death action. On appeal, it was held that the probate court was without authority to enter a *nunc pro tunc* order in that the purpose of such an order is to presently show that which was previously done. Since his appointment as administrator was invalid, the plaintiff lacked legal capacity to bring a cause of action and his complaint was dismissed. The analysis in *Scott*, however, did not rely upon section 2–616 nor did the court address the question of whether an amended complaint related back to the date of filing of the original complaint where there was a subsequent valid appointment of an administrator.

In the case at bar, plaintiff filed an amended complaint within the statute of limitations for both the wrongful death action and the dramshop action. In his complaint plaintiff alleged that he was the administrator of the decedent's estate. Clearly defendants were put on notice that a cause of action was being brought under the relevant statutes and that they would have to defend the action. The causes of action alleged in plaintiff's first amended complaint and second amended complaint are identical, and there is no dispute that they arose out of the same occurrence. Since plaintiff was subsequently validly appointed as administrator, it is our holding that his appointment as administrator related back to the date of filing of the original complaint and plaintiff's action was improperly dismissed. *Stringer*, 146 Ill. App. 3d 270, 496 N.E.2d 1196; *Pavlov*, 113 Ill. App. 3d 576, 447 N.E.2d 982.

Having determined that plaintiff's action was improperly dismissed in the trial court, we find it unnecessary to address the remaining argument raised on appeal by plaintiff that the trial court improperly granted defendant Oyarzabal's oral motion to dismiss where proper notice of the intention to present the motion was not given.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

MANNING, P.J., and BUCKLEY, J., concur.