AMANDA LINDSEY, Plaintiff-Appellant, v. SPECIAL ADMINISTRATOR OF THE ESTATE OF GEORGE F. PHILLIPS, Deceased, Defendant-Appellee.—*In re* ESTATE OF GEORGE F. PHILLIPS, Deceased (Amanda Lindsey, Petitioner-Appellant, v. Charles Burton, Special Administrator, Respondent-Appellee).

Fourth District   Nos. 4—91—0133, 4—91—0237 cons.

Opinion filed September 30, 1991.—Rehearing denied October 28, 1991.

Florence L. Bain, of Kanoski & Associates, of Springfield, for appellant.

Rammelkamp, Bradney, Dahman, Kuster, Keaton, Fritsche & Lindsay, P.C., of Jacksonville (Barbara Fritsche, of counsel), for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Amanda J. Lindsey appeals from the order of the circuit court of Schuyler County denying her motion to compel Charles Burton, special administrator for the estate of George F. Phillips, to complete all acts required for the issuance of letters of administration in the underlying Schuyler County case No. 90—P—15 (No. 4—91—0237) and from the order denying her motion for substitution of the special administrator therein. Plaintiff also appeals from the circuit court's order striking the original complaint and quashing summons in her negligence action against the special administrator of the estate of George F. Phillips in Schuyler County case No. 90—L—6 (No. 4—91—0133). The law and probate cases have been consolidated for appeal.

Plaintiff's complaint was filed (No. 90—L—6) on April 11, 1990, alleging that on April 14, 1988, George F. Phillips was negligent in the operation of his automobile, thus causing an accident in which the plaintiff was injured. The complaint set forth that Phillips had died testate on October 14, 1988, and, since probate administration had not commenced, listed the defendant as "special administrator" of the estate of George F. Phillips, deceased. On the same date the complaint was filed, plaintiff also filed a petition with the probate division, asking for the appointment of a special administrator "for the purpose of defending a personal injury action."

On June 25, 1990, after notice of hearing to the executors named in decedent's will and to Charles A. Burton, the circuit court appointed Charles A. Burton administrator "for the purpose of accepting service of process and defending a personal injury action brought by and on behalf of Amanda Lindsey." The written order did not refer to a bond, oath, or letters. However, the clerk's docket entry stated: "Advised Atty[.] Bain this date upon receipt of Bond and Oath Letters would issue." Thus began the confusion between a special administrator appointed under the authority of section 2—1008(b) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1008(b)), and an executor or administrator appointed under either section 6—2 or 9—4 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1989, ch. 110½, pars. 6—2, 9—4). There are no provisions in section 2—1008(b) of the Code which require an oath of office or the

issuance of letters of administration. No power is vested in a special administrator to administer the assets of a decedent's estate. The purpose of the appointment is limited. (*Hannah v. Gilbert* (1990), 207 Ill. App. 3d 87, 90, 565 N.E.2d 295, 297-98.) Section 2—1008(b) of the Code provides:

> "If the death of a party to a personal action is suggested of record and no petition for letters of office for his or her estate has been filed, the court, upon motion and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his or her appointment is suggested of record in the action, the court shall order that the representative be substituted for the special administrator." Ill. Rev. Stat. 1989, ch. 110, par. 2—1008(b).

Burton did not file a bond or sign an oath of office. He was served with summons (as special administrator) on July 6, 1990. On August 3, 1990, he specially appeared, objecting to jurisdiction over him as a special administrator, and moved to quash summons. He also requested that the action be barred pursuant to section 13—209(b) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—209(b)). Burton contended that the negligence complaint filed on April 11, 1990, was a nullity because the special administrator was not appointed until June 20, 1990. He also contended that because the complaint was a nullity, the subsequent appointment of a special administrator was a nullity. If both of his arguments are correct, then it would appear plaintiffs would never be able to bring actions after the tortfeasor's death if estates had not been opened. Are we to decide which comes first, the chicken or the egg?

On October 5, 1990, prior to a ruling on Burton's motion, Amanda J. Lindsey filed a "MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT." The amended complaint attached to the motion named Burton as defendant and alleged that he was appointed as special administrator on June 25, 1990. The motion for leave was never noticed for hearing and was never ruled upon. Subsequently, the trial court, adopting the nullity argument and refusing to adopt a relation-back theory, struck the original complaint and quashed summons which had been served on Burton. This order was entered on November 29, 1990, in case No. 90—L—6.

On January 25, 1991, Lindsey's attorney filed a motion to compel in case No. 90—P—15, asking that Burton be required to complete

acts required for the issuance of letters of administration. Burton responded by a special appearance setting forth the court's ruling in case No. 90—L—6 and suggesting that the dismissal of the civil case resulted in Lindsey being without authority in the probate case. It was suggested that Lindsey was now barred by the expiration of the statute of limitations. On March 4, 1991, the court denied the motion to compel. On March 14, 1991, Lindsey filed a motion for substitution of special administrator. This was denied by a March 25, 1991, order which also provided for a Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) finding.

There appears to have been a misunderstanding of the various statutory provisions involving limitations. Section 13—202 of the Code effective in 1988 provided for a two-year period of limitation in personal injury actions, the two-year period beginning on the date of the occurrence of the injury. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) At the time of the accident and at the time of Phillips' death, section 13—209 of the Code provided:

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters of office." Ill. Rev. Stat. 1987, ch. 110, par. 13—209.

The pleadings established that Phillips died before the expiration of the statute of limitations provided for in section 13—202 of the Code. Personal injury actions survive death of the party defendant, and the action was not otherwise barred by an estate claim period, as no estate proceedings were commenced. Thus, without considering section 18—12 of the Act (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12), it would appear that plaintiff's action could commence beyond the two-year period of limitation provided for by section 13—202 of the Code and within six months after the issuing of letters of administration for Phillips' estate. However, section 18—12 of the Act in 1988 provided, in part, as follows:

"[A]ll claims barrable under this Section are, in any event, barred unless letters of office are issued upon the estate of the decedent within 3 years after decedent's death." (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12.)

Assuming there is not an appointment of an executor with accompanying letters in the Phillips estate, regardless of the six-month provi-

sion set forth in section 13—209 of the Code, the Lindsey claim would be barred three years after Phillips' death, which would be October 14, 1991.

Defendants argue that the limitations period has now run because Burton's appointment started the six months referred to in section 13—209 of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 13—209.) While in light of our decision in this opinion we need not rule on this contention, we elect to comment. The "executors or administrators" referred to in section 13—209 of the Code do not include special administrators provided for under section 2—1008 of the Code. The six-month period set forth in section 13—209 of the Code is consistent with the corresponding claim period incorporated in the Act (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12). Executors and administrators appointed under the Act are given powers to collect assets, manage assets, pay claims, and make distributions. None of these powers are, or should be, allotted to the special administrator appointed under section 2—1008 of the Code. Because the appointment of the special administrator does not allow for the beginning of the six-month claim period, it should not affect the limitation extension provided by section 13—209 of the Code.

■ We first address plaintiff's contentions as they apply to the probate proceedings. Lindsey's argument shown by the trial court record indicates she was expecting that something more than a special administrator would be appointed in case No. 90—P—15. However, her motion for appointment sought only the special administrator. The docket entry relating to receipt of "Bond and Oath Letters would issue" apparently confused counsel. However, a clerk's notation is not an order (see *In re Estate of Caldwell* (1975), 33 Ill. App. 3d 175, 337 N.E.2d 245), and the written order made no provision for a bond and oath. No administration of the estate was ordered or implied. The appointment was made under the authority of section 2—1008(b) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1008(b)). Once the order was entered, Burton could be made a party. The court's order refusing to compel was correct. We also find no legitimate reason was given for the requested substitution of special administrator.

The record in case No. 90—P—15 at this time indicates that Charles A. Burton is administrator of the estate of George F. Phillips, deceased, for purposes of accepting service of process and defending a personal injury action brought by and on behalf of Amanda Lindsey.

We now address the November 29, 1990, order in the law case, No. 90—L—6, which ordered the original complaint stricken and quashed the summons served on Burton. The trial court, in that or-

der, specifically found "that the Plaintiff brought the instant action against a nonentity, and their arguments in regard to 'relation back' are without merit." Plaintiff's relation-back argument was based upon the theory that with Burton's qualifying and the filing of the amended complaint, section 2—616 of the Code allowed for the continuance of the amended proceedings as amended. The *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196, decision held that where a negligence action was brought against the decedent's estate (before the appointment of an executor), the amended complaint naming the then-appointed administrator related back, and the action was not a nullity.

■ We again note that the motion to file an amended complaint has never been presented to the trial court. The failure to obtain an order allowing the filing of the amended complaint appears to be the only factual difference from the facts in the *Stringer* case. In the present case, the plaintiff's first-amended complaint was complete in itself, not incorporating any part of the original complaint. We find that the trial court should have allowed the filing of the amended complaint before considering the motion to strike and suppress. By following the *Stringer* ruling, we determine the motion to strike and suppress should have been denied.

In cases such as the one before us, the better practice would be to first proceed with the appointment of the special administrator. This appointment would then be followed with the filing of a complaint listing the special administrator as a party defendant. It appears in cases where the special administrator is to be plaintiff, such a procedure would be mandatory.

For the reasons set forth herein, we reverse the trial court's order striking the complaint and suppressing summons, directing it to order the filing of the first-amended complaint and directing defendant to answer or otherwise plead.

Case No. 4—91—0237 (90—P—15) is affirmed.

Case No. 4—91—0133 (90—L—6) is reversed and remanded with instructions.

STEIGMANN and KNECHT, JJ., concur.