CHAD SISK, a Minor, by Cindy Sisk, his Mother and Next Friend, *et al.,* Plaintiffs-Appellants, v. MARLA LEWIS, Adm'r of the Estate of Kingsley Lewis, Deceased, Defendant-Appellee.

Fourth District  No. 4—92—0871

Opinion filed June 3, 1993.

Kenneth C. Goetz, of Nessler Law Offices, of Lincoln, for appellants.

Roger W. Thompson, of Lincoln, for appellee.

JUSTICE LUND delivered the opinion of the court:

On July 17, 1992, plaintiff Cindy Sisk, individually, and on behalf of her son Chad Sisk, a minor, filed a two-count complaint in the circuit court of Logan County against defendant Marla Lewis as administrator of the estate of Kingsley Lewis. Count I sought recovery for injuries to plaintiff's minor son, and count II sought recovery for Cindy Sisk under the family-expense statute.

The claims resulted from a motorcycle accident on July 2, 1990. Kingsley Lewis died August 2, 1991, and while his will had been filed, no probate proceedings were commenced. No special administrator was appointed when the complaint was filed.

On September 18, 1992, more than six months after Lewis' death and more than two years after the date of the accident, plaintiff filed a motion for appointment of a special administrator under the authority of section 2—1008(b) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—1008(b)). Defendant objected and moved to dismiss, contending the statute of limitations had expired because at the time the complaint was filed no special administrator or personal representative of decedent's estate existed. Defendant contends that filing of the July 17, 1992, complaint was a nullity and the September 18, 1992, motion filing was beyond the two-year period of limitations as provided by section 13—202 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 13—202) and more than six months after the death of Lewis (Ill. Rev. Stat. 1991, ch. 110, par. 13—

209(b)). Section 13—209(b) allows for filing after the two-year period of limitations if the person to be sued dies within the two-year period and the action is commenced "within 6 months after the person's death." (Ill. Rev. Stat. 1991, ch. 110, par. 13—209(b).) Here, the six-month period ended before expiration of the two-year period.

■ The trial court dismissed plaintiff's action with prejudice, stating no "relation back" existed and the period of limitations had expired. Only now does plaintiff suggest the applicability of section 13—211 of the Code, which provides:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." (Ill. Rev. Stat. 1991, ch. 110, par. 13—211.)

Count I is brought on behalf of a minor, and an action on his behalf may be commenced within two years after he attains 18 years of age. Defendant agrees in her brief that limitations have not barred this action on behalf of the minor, and a reversal is required as to count I. On return to the trial court, a special administrator should be appointed under the authority of section 2—1008(b) of the Code so that Cindy, in her representative capacity as next friend of Chad, can proceed on count I of the complaint.

Count II presents a different problem. At the time of filing, records in the office of the circuit clerk would show the absence of estate administration. The complaint was filed naming a nonentity, administrator Marla Lewis, as defendant. That nonentity status apparently continues to this day. After the two-year limitations period had expired (remember Kingsley Lewis died more than six months before the end of the two-year period), the plaintiff sought the appointment of a special administrator. Cindy asks for relation-back treatment, citing *Lindsey v. Special Administrator of the Estate of Phillips* (1991), 219 Ill. App. 3d 372, 579 N.E.2d 445, *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196, and *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64. *Stringer* cited *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982, as authority for its decision.

We find these cases different from the present one. In the cited cases, an amended complaint was filed. In *Lindsey* our court adopted *Stringer* and required a relation-back treatment. Here we have the filing of a complaint within the two-year period which lists a nonentity

as the only defendant; then, after the limitations period ran, a motion was filed asking the person listed as administrator be appointed special administrator.

In *Halberstadt*, plaintiff's first complaint included a count alleging the violation of the Structural Work Act (Work Act) (Ill. Rev. Stat. 1965, ch. 48, par. 60 *et seq.*). An amended complaint filed within the statute of limitations alleged negligence, but deleted the Work Act allegation. Years later, after the limitations period had run, plaintiff sought to amend by adding the Work Act count. The supreme court held the right to amend under section 46 of the Civil Practice Act (Act) (Ill. Rev. Stat. 1971, ch. 110, par. 46 (now section 2—616 of the Code (735 ILCS 5/2—616 (West 1992))) included the right to add the Work Act allegation. In that case, proper defendants had been made parties before the limitations period had run.

In *Pavlov*, the original complaint was filed two days before the limitations period had run and a special administrator was appointed on motion of plaintiff's lawyer, one not authorized to bring the motion. After the limitations period had run, an authorized person moved for the appointment of the same special administrator and the appointment was again made. Citing section 46 of the Act (now section 2—616(b) of the Code), the *Pavlov* court rejected the view that plaintiff's original filing was a nullity and that the amended complaint filed after the limitations period must be dismissed. Instead, the court held a relation-back doctrine was included in section 46 of the Act and was applicable to the existing facts.

The *Stringer* opinion, citing at length from *Pavlov*, applied the relation-back doctrine where the complaint was filed one day before the special administrator was appointed. The widow of defendant successfully contested the original appointment and was herself named special administrator, but only after the limitations period had run.

The *Lindsey* opinion sets forth a comedy of errors which took place in the trial court. The statute has been changed since the initial filings in *Lindsey*, and the limitations period is now two years or six months after decedent's death, whichever comes last. While we continue to agree with *Stringer*, we do not believe the same result is proper in the present case.

Plaintiff's complaint was filed against a nonentity. An attempt at appointing a special administrator was not made until after the statute of limitations had run. All cited cases are factually different. Here, as we have said, a check with the Logan County circuit clerk's office would have easily determined the absence of a personal representative of decedent's estate.

In *Stringer* the court emphasized, "The first complaint was not directed against a dead person but against the estate of the decedent and the person whom the plaintiff reasonably believed was the administrator." *Stringer*, 146 Ill. App. 3d at 272, 496 N.E.2d at 1198.

The *Pavlov*, *Stringer*, and *Halberstadt* opinions applied the relation-back doctrine, which was included in what is now section 2—616 of the Code to ensure that the technical rules of pleadings did not "prevent the cause from being decided on its merits in furtherance of justice." *Stringer*, 146 Ill. App. 3d at 273, 496 N.E.2d at 1199.

■ Here, we do not have a technical mistake. With a minimum of effort, the nonexistence of an estate personal representative would have been discovered.

Section 13—209(b) of the Code provides:

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death." (Ill. Rev. Stat. 1991, ch. 110, par. 13—209(b).)

Section 2—1008(b) of the Code provides in part:

"If the death of a party to a personal action is suggested of record and no petition for letters of office for his or her estate has been filed, the court, upon motion and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his or her appointment is suggested of record in the action, the court shall order that the representative be substituted for the special administrator." Ill. Rev. Stat. 1991, ch. 110, par. 2—1008(b).

While section 13—209(c) of the Code does not apply to the facts of this case, section 13—209(c)(4) does indicate a legislative intent for the appointment of a personal representative and the filing of the complaint in that order. Section 13—209(c)(4) of the Code provides:

"In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." (Ill. Rev. Stat. 1991, ch. 110, par. 13—209(c)(4).)

In *Lindsey*, we said:

"In cases such as the one before us, the better practice would be to first proceed with the appointment of the special administrator. This appointment would then be followed with the filing of a complaint listing the special administrator as a party defendant. It appears in cases where the special administrator is to be plaintiff, such a procedure would be mandatory." *Lindsey*, 219 Ill. App. 3d at 377, 579 N.E.2d at 448.

We conclude under the facts in this case that justice does not require the application of the relation-back doctrine. The trial court was correct in refusing to appoint a special administrator for purposes of defending against Cindy. The trial court order denying the appointment of a special administrator to defend against the action of Cindy Sisk in her individual capacity (count II) is affirmed. The order denying the appointment as to the action on behalf of the minor (count I) is reversed.

Affirmed in part, reversed in part, and remanded.

STEIGMANN, P.J., and McCULLOUGH, J., concur.