JOANNE HARDIMON, as Special Adm'r of the Estate of Larry Hardimon, Deceased, Plaintiff-Appellee, v. CARLE CLINIC ASSOCIATION *et al.*, Defendants-Appellants.

Fourth District    No. 4—94—0910

Argued March 6, 1995.—Opinion filed May 11, 1995.

Karen L. Kendall, Brad A. Elward, and Craig L. Unrath, all of Heyl, Royster, Voelker & Allen, of Peoria, and Edward M. Wagner (argued), of Heyl, Royster, Voelker & Allen, of Urbana, for appellants.

Joseph W. Phebus and Nancy J. Glidden (argued), both of Phebus, Winkelmann, Wong & Bramfeld, of Urbana, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendants filed an interlocutory appeal pursuant to Supreme Court Rule 308(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 308(a), eff. February 1, 1994) based on denial of their motion to strike and dismiss plaintiff's timely complaint for failure to obtain the appointment of a personal representative of the estate prior to the expiration of the two-year limitations period. The trial court certified two questions for interlocutory review. As will be explained, we address only the first:

> "(a) When an initial Complaint is filed on December 23, 1991, which alleges that the Plaintiff has been duly appointed a Special Administrator although no appointment of a Special Administra-

tor was made pursuant to and in accordance with Section 2.1 of the Wrongful Death Act prior to the filing of the initial Complaint, nor any appointment of a Special Administrator or a Probate Estate Administrator prior to the running of all applicable two-year limitation periods for an alleged death on May 12, 1990, can the doctrine of 'relation back' be applied to allow the appointment of a Probate Estate Administrator on May 3, 1994, and her intervention into this case on August 22, 1994, to prevent the action from being time-barred?"

On May 12, 1990, plaintiff's decedent died. On December 23, 1991, plaintiff, alleging she was "Special Administrator of the Estate of Larry Hardimon," filed a medical malpractice complaint against defendants under the Wrongful Death Act (Act) (740 ILCS 180/1 *et seq.* (West 1992)), including a request for recovery of funeral and burial expenses, and a survival action pursuant to section 27—6 of the Probate Code of 1975 (755 ILCS 5/27—6 (West 1992)). In November 1993 defendants moved to dismiss the complaint on the basis that no administrator or special administrator had been appointed and there was, therefore, no proper party plaintiff. Plaintiff filed a petition for appointment of administrator in the probate court (No. 94—P—294) and was appointed administrator on May 3, 1994. Thereafter, the plaintiff was allowed to file an amended complaint as administrator of the estate containing substantially the same allegations as the initial complaint, the court finding that the doctrine of relation back applied to the facts of the case. On the defendants' motion, the court certified two questions for interlocutory appeal.

Section 2—616 of the Code of Civil Procedure (Code) (735 ILCS 5/2—616 (West 1992)) provides for "relation back" of amendments to pleadings. Relevant portions of that section provide:

"(a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense *** which may enable the plaintiff to sustain the claim for which it was intended to be brought ***.

(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute *** if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to

the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(a), (b) (West 1992).

■ Defendants argue that a proper appointment of an administrator within the two-year limitations period provided under the Act is a condition precedent which precludes application of the relation-back provisions of section 2—616(b) of the Code. Plaintiff points out that section 2—616(b) was enacted to avoid technical procedural errors such as occurred here to enable controversies to be decided on their merits. (See *Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530.) Plaintiff points to three cases which are substantially similar to the facts presented here.

In *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982, the plaintiff was appointed special administrator of the estate of plaintiff's decedent pursuant to provisions of the Act. On that same date, plaintiff filed a timely complaint as administrator alleging an action against the defendant for wrongful death. The appointment was subsequently invalidated, however, since it had been made on the motion of a person not entitled to recovery under the Act. After expiration of the two-year statute of limitations, plaintiff was properly appointed administrator and filed an amended complaint containing substantially the same allegations as the original complaint. The defendant argued the plaintiff was not a proper party to the original complaint, making that filing a nullity, and that both the limitations period and the requirement that the action be brought in the name of the personal representative of the deceased were conditions precedent to recovery under the Act. Relying on the precursor to section 2—616(b) of the Code, the court held that the relation-back doctrine was enacted to preserve causes of action against loss by reason of technical rules of pleading and that an amendment could relate back to cure a defective pleading which did not set forth a condition precedent. *Pavlov*, 113 Ill. App. 3d at 579-80, 447 N.E.2d at 984-85.

In *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95, the plaintiff in her individual capacity brought a timely action alleging that defendant's malpractice had caused the decedent's death. Plaintiff was appointed and filed an amended complaint as administrator of the estate more than two years after decedent's death. On appeal following entry of summary judgment for defendant on unrelated issues, the court noted that the relation-back doctrine was included in the precursor to section 2—616(b) "to

implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading." (*Redmond*, 65 Ill. App. 3d at 675, 382 N.E.2d at 100, citing *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838.) The court found that earlier cases precluding amendment after the limitations period for failure to set forth a condition precedent had been expressly disapproved under the reasoning of *Metropolitan Trust*. In that case, the court analyzed the predecessor to section 2—616(b) of the Code:

> "The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 [now section 2—616] permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action *on any claim* which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading." (Emphasis added.) *Metropolitan Trust*, 369 Ill. at 229, 15 N.E.2d at 842.

Finally, in *Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 535 N.E.2d 8, the plaintiff appealed the dismissal of his suit for wrongful death and an action seeking recovery under the Illinois Dramshop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135) based on plaintiff's failure to be appointed administrator in probate prior to the expiration of the statute of limitations. (The plaintiff had been appointed as special administrator and had filed an amended complaint naming the owners of the dramshop as additional defendants within the statute of limitations, but it is presumed dismissal was sought by those defendants on the basis that a special administrator appointed pursuant to the Act is limited to actions sounding in wrongful death.) In reversing the dismissal, the court held *Pavlov* to be dispositive and quoted with approval the holding in *Joyce v. Wilner* (1987), 156 Ill. App. 3d 702, 706, 509 N.E.2d 769, 771: " '[T]he right to amend and the relation back of an amendment depend on whether the original complaint furnished to the defendant all the information necessary for him to prepare a defense to the claim subsequently asserted in the amended complaint.' " (*Lopez*, 180 Ill. App. 3d at 135, 535 N.E.2d at 10.) The *Lopez* court held that plaintiff's initial complaint put the defendants on notice that a cause of action was being brought under the relevant statutes and they would have to defend the action. *Lopez*, 180 Ill. App. 3d at 137, 535 N.E.2d at 11.

*Lindsey v. Special Administrator of the Estate of Phillips* (1991), 219 Ill. App. 3d 372, 579 N.E.2d 445, and *Sisk v. Lewis* (1993), 245 Ill. App. 3d 689, 615 N.E.2d 46, involved an action against a defendant as special administrator who had not been appointed within the applicable statute of limitations. Based on the particular facts, the *Lindsey* court allowed relation back of the amended complaint, while the *Sisk* court denied application of the doctrine. In *dicta*, however, both courts noted:

> "[B]etter practice would be to first proceed with the appointment of the special administrator. This appointment would then be followed with the filing of a complaint listing the special administrator as a party defendant. It appears in cases where the special administrator is to be plaintiff, such a procedure would be mandatory." (*Lindsey*, 219 Ill. App. 3d at 377, 579 N.E.2d at 448.)

(See also *Sisk*, 245 Ill. App. 3d at 694, 615 N.E.2d at 49.) As the procedural posture of the parties and sections of the Code relied on in both *Sisk* and *Lindsey* differ from the facts presented here, we decline defendants' suggestion that *dicta* from those cases control the outcome. The purpose of section 2—616(b) of the Code is to prevent loss of a cause of action due to a technical pleading defect which does not impair the defendants' ability to defend the claim asserted. Although plaintiff's representative capacity was defective in the initial complaint, her subsequent curing of that defect by appointment as administrator in probate and the filing of an amended complaint did not alter the facts forming the basis of the claims for which defendants had notice and against which they are required to defend.

*Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, involved a complaint naming a deceased party as defendant and an amendment naming the executors as defendants made after expiration of the statute. The supreme court's analysis focused primarily on section 2—616(d) of the Code (see 735 ILCS 5/2—616(d) (West 1992)), relating to actions against a person not originally named a defendant. Defendants contend the *Vaughn* court questioned both *Pavlov* and *Redmond*, suggesting these cases may not have properly applied section 2—616(b) of the Code. Contrary to this view, however, there is nothing in *Vaughn* which criticized those decisions, the court expressly noting that section 2—616(b) "clearly addresses situations in which a plaintiff seeks to add or amend claims against defendants already parties to the action" and was not intended to govern amendments to substitute defendants. (*Vaughn*, 126 Ill. 2d at 160-61, 533 N.E.2d at 889.) If the manner of plaintiff's representative capacity may, as defendants suggest, limit recovery on the claims sought, the addition to or amendment of the representative capacity alleged ap-

pears to us no different than any other amendment which "grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2—616(b) (West 1992).

Therefore, we answer the court's first certified question in the affirmative in that the amended complaint here will relate back to the time of filing the initial complaint.

■ The trial court's second certified question relates to whether a special administrator is precluded from seeking recovery for a survival action and for funeral and burial expenses. Plaintiff was not appointed as special administrator and as a duly appointed administrator in probate, she clearly has authority to bring a survival action on behalf of the estate. (See generally *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 430-31, 308 N.E.2d 583, 586-87.) We therefore decline to answer the court's second question which is in part purely advisory as to a question of law not present in this case, and in part merely a restatement of the first question previously addressed.

Plaintiff filed motions ordered taken with the case seeking to strike issue III of defendants' brief and, apparently in the alternative, for an amendment of the complaint to add a count under the family expense act related to the recovery of funeral and burial expenses. Issue III of defendants' brief alleges that since plaintiff's initial complaint was brought as a purported special administrator of the estate, her claims are limited to those available under the Act. Defendants contend that claims for funeral and burial expenses are recoverable only under the family expense statute and since plaintiff made no reference to that statute, the claim for funeral and burial expenses must be stricken.

■ Plaintiff contends that no issue regarding the family expense statute was argued in the trial court and no question regarding its application has been certified pursuant to Supreme Court Rule 308 (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 308, eff. February 1, 1994). We agree with plaintiff that the trial court submitted no questions relative to the family expense statute—more importantly, however, as we have determined that plaintiff's appointment as an administrator in probate and the filing of an amended complaint relate back to the initial filing, any issue addressed to a limitation on powers of a special administrator is not properly before this court.

Defendants argue that even if issue III is not encompassed by the two questions certified, this court has held that in a Rule 308(a) interlocutory appeal it is the trial court's order which is on appeal and we may review all issues raised below. (See *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 40-41, 572 N.E.2d

1258, 1262.) Following our decision in *Schoonover*, however, we noted that the Supreme Court of Illinois in *Faier v. Ambrose & Cushing, P.C.* (1993), 154 Ill. 2d 384, 609 N.E.2d 315, had *sub silentio* overruled *Schoonover*, limiting review in the appellate court to the questions certified for interlocutory appeal. *Kerker v. Elbert* (1994), 261 Ill. App. 3d 924, 925, 634 N.E.2d 482, 483.

Defendants also filed a motion to cite supplemental authority responsive to plaintiff's motion to strike issue III and in support of their view that when a Rule 308(a) appeal is granted, all issues are properly before the reviewing court. Neither case cited to us supports this view. In *Schrock v. Shoemaker* (1994), 159 Ill. 2d 533, 640 N.E.2d 937, the supreme court noted that Rule 308 provides a *limited* exception to the rule that an appeal may be taken only from a final judgment and that the appellate court may in its discretion either deny the application for appeal under Rule 308 or answer the certified questions. (*Schrock*, 159 Ill. 2d at 537, 640 N.E.2d at 939.) When an appeal is taken from the appellate court's judgment on a Rule 308 question, that appeal is brought pursuant to Supreme Court Rule 315(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 315(a), eff. February 1, 1994) and the scope of review is not limited to whether the appellate court answered the certified questions correctly, but may grant any relief that the case may require pursuant to Supreme Court Rule 366(a)(5) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 366(a)(5), eff. February 1, 1994). (*Schrock*, 159 Ill. 2d at 537, 640 N.E.2d at 939.) There is nothing in *Schrock* which supports defendants' contention the appellate court may address issues other than the questions certified as the decision relates solely to the scope of supreme court review. (Accord *Boyd v. Travelers Insurance Co.* (1995), ___ Ill. 2d ___.) Accordingly, plaintiff's motion to strike issue III of defendants' appellate brief is granted and we decline to address plaintiff's alternative motion to amend the complaint, which in any event is not properly before this court.

Question answered; remanded.

KNECHT, P.J., and COOK, J., concur.