No. 2--96--0889

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

MARY M. JABLONSKI and RICHARD        )  Appeal from the Circuit Court

JABLONSKI,                           )  of Lake County.

                                )

     Plaintiffs-Appellants,          )

                                     )  No. 95--L--1421

v.                                   )

                                     )

JAMES E. ROTHE,                      )  Honorable

                                     )  Jack Hoogasian,

     Defendant-Appellee.             )  Judge, Presiding.

________________________________________________________________

     JUSTICE McLAREN delivered the opinion of the court:

     Plaintiffs, Mary Jablonski and Richard Jablonski, appeal the

circuit court's order dismissing count II of their amended

complaint against defendant, James Rothe.  Plaintiffs contend that

the court erred in holding that their amended complaint, naming

plaintiffs as administrators of the decedent's estate, did not

relate back to the filing of the original complaint.  We reverse

and remand.

     Plaintiffs' complaint alleges that on August 26, 1993, Mary

Jablonski was pregnant with a viable fetus, when defendant's car

struck hers from behind.  As a direct and proximate result of the

accident, the fetus was delivered stillborn on October 6, 1993.

     Plaintiffs filed their complaint August 24, 1995.  Count II

sought damages for plaintiffs' injuries on a theory of common-law

negligence.  Count II purported to state a cause of action under

the Wrongful Death Act (740 ILCS 180/0.01 et seq. (West 1994)) for

the death of the fetus.

     On defendant's motion, the trial court dismissed the complaint

on the ground that plaintiffs failed to bring the action as

representatives of the decedent's estate.  On January 12, 1996,

plaintiffs filed an amended complaint adding the allegation that

they had been appointed special administrators of the fetus'

estate.

     Defendant moved to dismiss the amended complaint, arguing that

the two-year statute of limitations for actions under the Wrongful

Death Act (the Act) (740 ILCS 180/2 (West 1994)) had expired before

plaintiffs filed their amended complaint.  The court dismissed the

complaint with prejudice.  After the court denied their motion to

reconsider, plaintiffs filed a timely notice of appeal.

     Plaintiffs contend that their amended complaint relates back

to the filing of the original complaint pursuant to section 2--

616(b) of the Code of Civil Procedure (735 ILCS 5/2--616(b) (West

1994)), which provides:

          "The cause of action, cross claim or defense set up in

     any amended pleading shall not be barred by lapse of time

     under any statute or contract prescribing or limiting the time

     within which an action may be brought or right asserted, if

     the time prescribed or limited had not expired when the

     original pleading was filed, and if it shall appear from the

     original and amended pleadings that the cause of action

     asserted, or the defense or cross claim interposed in the

     amended pleading grew out of the same transaction or

     occurrence set up in the original pleading, even though the

     original pleading was defective in that it failed to allege

     the performance of some act or the existence of some fact or

     some other matter which is a necessary condition precedent to

     the right of recovery or defense asserted, if the condition

     precedent has in fact been performed ***."  735 ILCS 5/2--

     616(b) (West 1994).

     The purpose of this section is to preserve causes of action,

including those brought under the Act, against loss by reason of

technical rules of pleading.  Courts should liberally construe

section 2--616 to allow the resolution of litigation on the merits

and to avoid elevating questions of form over questions of

substance.  Boatmen's National Bank v. Direct Lines, Inc., 167 Ill.

2d 88, 102 (1995).  The rationale behind the same transaction or

occurrence rule is that a defendant will not be prejudiced by an

amendment so long as "his attention was directed, within the time

prescribed or limited, to the facts that form the basis of the

claim asserted against him."  Simmons v. Hendricks, 32 Ill. 2d 489,

495 (1965).

     Accordingly, numerous courts have held that, where a complaint

brought under the Act failed to name the administrator of the

decedent's estate, an amended complaint filed after the expiration

of the statute of limitations naming the administrator related back

to the filing of the original complaint.  For example, in Redmond

v. Central Community Hospital, 65 Ill. App. 3d 669 (1978),

plaintiff filed a timely complaint in her individual capacity for

the wrongful death of her husband.  After the statute of

limitations expired, plaintiff filed an amended complaint as the

administrator of her husband's estate.  The court noted that the

cause of action alleged in the amended complaint was the same as

that set up in the original pleading and that both arose out of the

same occurrence.  Therefore, the amended complaint related back to

the filing of the original.  Redmond, 65 Ill. App. 3d at 677.

     Similarly, in Hardimon v. Carle Clinic Ass'n, 272 Ill. App. 3d

117 (1995), plaintiff initially sued in her individual capacity. 

After the statute of limitations ran, she successfully petitioned

the probate court for appointment as special administrator of the

decedent's estate and filed an amended complaint in that capacity. 

The court stated:

     "Although plaintiff's representative capacity was defective in

     the initial complaint, her subsequent curing of that defect by

     appointment as administrator in probate and the filing of an

     amended complaint did not alter the facts forming the basis of

     the claims for which defendants had notice and against which

     they are required to defend."  Hardimon, 272 Ill. App. 3d at

     122.

The court noted that the amendment regarding plaintiff's

representative capacity was no different from any other amendment

growing out of the same transaction or occurrence as that set up in

the original pleading.  Hardimon, 272 Ill. App. 3d at 122-23; see

also Marcus v. Art Nissen & Son, Inc., 224 Ill. App. 3d 464, 467-68

(1991); Lopez v. Oyarzabal, 180 Ill. App. 3d 132, 136 (1989).

     Defendant contends that section 2--616(b) does not apply to

this case because the two-year period in which to bring suit under

the Act is a condition precedent to recovery rather than a mere

statute of limitations.  The plain language of section 2--616(b)

refutes this contention.  Section 2--616(b) provides that an

amended pleading relates back even where the original pleading was

defective in failing to allege the existence of a condition

precedent to recovery.  735 ILCS 5/2--616(b) (West 1994).

     In Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222

(1938), defendant contended that an amended complaint alleging a

change in the theory of recovery was in effect a new cause of

action, filed beyond the then one-year statute of limitations. 

Acknowledging that the one-year provision was a condition precedent

to recovery, the court nevertheless allowed the amended pleading. 

The court held that the only requirement under section 46, the

predecessor to section 2--616(b), was that the cause of action in

the amendment grew out of the same transaction or occurrence

alleged in the original pleading.  Metropolitan Trust, 369 Ill. at

229; see also Pavlov v. Konwall, 113 Ill. App. 3d 576, 580 (1983)

(amendment under section 46 could relate back to cure a defective

pleading which failed to set forth a condition precedent under the

Act).

     The case on which defendant relies is readily distinguishable. 

In Scott v. Skokie Valley Community Hospital, 54 Ill. App. 3d 766

(1977), the appellate court held that the probate court had erred

in entering a nunc pro tunc order naming plaintiff as the

administrator of the decedent's estate.  As a result, it affirmed

the dismissal of the amended complaint as untimely.  Inexplicably,

the court did not consider the effect of the relation-back statute. 

Thus, we consider Scott to be of limited precedential value in this

case.

     Defendant further contends that cases such as Redmond are

distinguishable because in those cases a probate estate already

existed at the time the statute of limitations expired.  Therefore,

the appointments of plaintiffs as administrators could relate back

to the opening of the estates.

     We consider this a distinction without a difference.  Section

2--616 clearly provides that a complaint may be amended to cure the

omission of a condition precedent to the right to recover.  The

statute does not specify a time in which this must be done.  To

hold otherwise would be inconsistent with the section's purpose to

save causes of action from being lost on technical grounds.

     We note that it is not entirely clear from Redmond that an

estate had been opened prior to the expiration of the statute of

limitations.  Moreover, this argument fails to account for

Hardimon, where plaintiff clearly did not seek appointment as

administrator until after the running of the statute of

limitations.  See Hardimon, 272 Ill. App. 3d at 119.

     Defendant does not dispute that plaintiffs' original complaint

was timely filed, or that the cause of action alleged in the

amended complaint arose out of the same occurrence as that in the

original pleading.  Defendant does not claim that it has been

prejudiced by the amendment.  Under these circumstances, the court

erred in dismissing the amended complaint as untimely.  The amended

complaint relates back to the filing of the timely filed original

complaint.

     The judgment of the circuit court of Lake County is reversed,

and the cause is remanded for further proceedings.

     Reversed and remanded.

     INGLIS and HUTCHINSON, JJ., concur.