# Illinois Official Reports

## Appellate Court

*Pirrello v. Maryville Academy, Inc.*, **2014 IL App (1st) 133964**

| | |
|---|---|
| Appellate Court Caption | BRANDY PIRRELLO, Plaintiff-Appellant, v. MARYVILLE ACADEMY, INC., Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-13-3964 |
| Filed<br>Rehearing denied | October 8, 2014<br>November 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the injuries plaintiff suffered when she jumped out of a second-story window at defendant academy, the trial court properly found that the claim under the Family Expense Act for the medical expenses incurred as a result of plaintiff's injuries did not relate back to the date of the initial complaint she timely filed against defendant after attaining majority and the trial court thereafter denied her leave to file a third-amended complaint adding her father as a party and asserting his claim under the Act, since the record showed that although the medical expenses were sent to the father's insurer, plaintiff's initial complaints did not make a claim under the Act in her parents' names for the medical expenses she incurred prior to turning 18, her parents never assigned their rights under the Act to plaintiff, and her father disclaimed any intention of joining plaintiff's suit, and under the circumstances, the relation-back doctrine was not applicable and the order granting summary judgment to defendant on the claim for the medical expenses plaintiff incurred before she turned 18 was upheld. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-8387; the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Law Office of Stephen J. Coukos, of Skokie (Stephen J. Coukos, of counsel), for appellant.

SmithAmundsen, LLC, of Chicago (Michael Resis and Carmel M. Cosgrave, of counsel), for appellee.

Panel

JUSTICE MASON delivered the judgment of the court, with opinion. Justices Lavin and Hyman concurred in the judgment and opinion.


**OPINION**

¶ 1    Plaintiff, Brandy Pirrello, appeals from partial summary judgment entered in favor of defendant, Maryville Academy, Inc., finding that Pirrello was not entitled to recover medical expenses incurred prior to her eighteenth birthday under a section of the Rights of Married Persons Act commonly referred to as the Family Expense Act (Act) (750 ILCS 65/15(a)(1) (West 2008)). The trial court found that the claim under the Act did not relate back to the filing of Pirrello's original complaint on July 16, 2009, and was thus barred by the applicable two-year statute of limitations. The court further denied Pirrello leave to file a third amended complaint adding her father as a party. We agree that the claim under the Act is time-barred and affirm.

¶ 2                                BACKGROUND

¶ 3    On August 2, 2005, Pirrello was a resident of Maryville, which owns a facility in Bartlett, Illinois, that houses and treats young people with behavioral problems and mental health issues. Pirrello arrived at Maryville on June 30, 2005. Pirrello was then 16 years old and had been diagnosed with bipolar disorder and, according to the allegations of the complaint, was known to be at risk for suicide and other self-harming behaviors. On August 2, Pirrello jumped out a second-story window, landing on a cement patio and sustaining serious injuries. Pirrello claimed Maryville was negligent in failing to assess Pirrello's propensity for self-harming behavior and take precautions to protect her.

¶ 4    Pirrello turned 18 on July 17, 2007, and filed her lawsuit on July 16, 2009. The complaint alleged that Pirrello had incurred hospital, medical and related expenses, but contained no claim under the Act for expenses incurred prior to the time Pirrello turned 18. Neither of Pirrello's parents was joined as a plaintiff and Pirrello did not allege that she was the assignee of her parents' right to recover medical expenses for her care and treatment while she was a minor. Pirrello later filed an amended and second amended complaint, but neither pleading asserted a claim under the Act either in the name of Pirrello's parents or in her own right as assignee.

¶ 5      On August 20, 2013, Maryville filed a motion for partial summary judgment seeking a determination that Pirrello was not entitled to recover medical or other related expenses incurred from the date of the accident until she turned 18. Maryville's motion was supported by the depositions of both of Pirrello's parents.

¶ 6      According to the deposition testimony, Pirrello's parents divorced when she was eight years old. Pirrello was covered under her father's health insurance. Bills for medical and hospital expenses incurred as a result of Pirrello's injuries were sent to Pirrello's father and submitted to his insurance carrier. Pirrello's father never assigned his claim under the Act to his daughter before she turned 18. Pirrello's father also disclaimed any intention to join in his daughter's lawsuit, indicating that although he was aware that his daughter was considering filing a lawsuit, "[he] didn't want to be involved in it."

¶ 7      In response to Maryville's motion, Pirrello argued that the claim under the Act should relate back to the filing of her original complaint given that Maryville was on notice that she had always sought to recover all of her medical and related expenses, all of which arose out of the injuries she sustained. Pirrello admitted that her father had never assigned his claim under the Act to her. Pirrello also sought leave to file a third amended complaint adding her father as a plaintiff and asserting a claim under the Act.

¶ 8      After briefing and argument, the trial court granted Maryville's motion, finding that any claim under the Act was time-barred. The trial court further denied Pirrello's motion for leave to file a third amended complaint. Pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 6, 2010), the trial court concluded there was no just reason to delay enforcement or appeal of its ruling.

¶ 9                                    ANALYSIS

¶ 10     Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). Partial summary judgment may be granted to resolve a major issue in a case, even if there are disputes as to other issues. 735 ILCS 5/2-1005(c), (d) (West 2012). We review the trial court's order granting partial summary judgment to Maryville *de novo*. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008).

¶ 11     The Act requires parents to pay for the "expenses of the family," which, according to judicial interpretation of the statute, includes medical expenses of their minor children. 750 ILCS 65/15(a)(1) (West 2008); *Graul v. Adrian*, 32 Ill. 2d 345, 347 (1965); *Bauer v. Memorial Hospital*, 377 Ill. App. 3d 895, 922 (2007). The responsibility to pay medical expenses incurred on behalf of a minor child extends to noncustodial parents following a divorce. *Proctor Hospital v. Taylor*, 279 Ill. App. 3d 624, 628 (1996). This obligation exists only until the child reaches majority. See *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 51 (" '[O]nce a child reaches the age of majority, the parents' responsibility to support the child ceases, and the parents may no longer be held liable for these expenses under the [Act].' " (quoting *Proctor Hospital*, 279 Ill. App. 3d at 628)).

¶ 12     "The common law in turn gives parents a cause of action against a tortfeasor who, by injuring their child, caused them to incur the medical expenses." *Bauer*, 377 Ill. App. 3d at 922 (citing *Phillips v. Dodds*, 371 Ill. App. 3d 549, 554 (2007)). Such a claim is not a claim for damages as a result of the child's personal injury, but is founded on the parents' liability for the

- 3 -

child's medical expenses under the Act. *Janetis v. Christensen*, 200 Ill. App. 3d 581, 588 (1990). The cause of action belongs to the parents, and if the parents are not entitled to recover, neither is the child. *Bauer*, 377 Ill. App. 3d at 922. Parents may assign to their child their cause of action to recover medical expenses, but the child asserting such a claim as assignee must prove that her parents had a cause of action, and any defense that could have been raised against the parents may be asserted against the child. *Id.*; see also *Roberts v. Sisters of Saint Francis Health Services, Inc.*, 198 Ill. App. 3d 891, 904 (1990) (finding that contributory negligence of parents could be asserted against child in action to recover for injuries sustained as a result of defendant's negligence: "[I]f [plaintiff's] parents had waived their right to recover [her] medical expenses, she would not have been entitled to recover her medical expenses unless her parents assigned their claim to her. *** [H]ad the parents chosen to assign their cause of action to [plaintiff], the issue of contributory negligence would have been injected into the case.").

¶ 13    Because of its derivative nature, the limitations period applicable to a claim under the Act is coextensive with the limitations period applicable to the claim for the underlying injury. 735 ILCS 5/13-203 (West 2012) ("Actions for damages ***, including actions for the medical expenses of minors *** deriving from injury to the person of another, *** shall be commenced within the same period of time as actions for damages for injury to such other person."). Where the limitations period for the underlying personal injury claim is tolled, as in the case of minors, the period for filing the derivative claim for medical expenses related to the minor's injury is likewise tolled. *Id.*

¶ 14    Under section 12-311 of the Illinois Code of Civil Procedure, a minor may bring an action for personal injuries within two years after the minor turns 18, regardless of whether the cause of action accrued more than two years earlier. 735 ILCS 5/13-211 (West 2012). Thus, Pirrello's parents had two years from the date their daughter turned 18–or until July 16, 2009–to file a claim under the Act. On the record before us, it is undisputed that Pirrello first proposed to add her father as a plaintiff for purposes of pursuing a claim under the Act on October 3, 2013, well beyond the limitations period applicable to the claim.

¶ 15    Pirrello invokes the relation-back doctrine to argue that her father's claim to recover medical expenses incurred prior to the time she turned 18 related back to the date she filed her original complaint, which was within the two-year period that applied to the claim. Pirrello contends that because the claim under the Act derives from her personal injury claim and Maryville has always been aware that she is seeking to recover all of the medical and related expenses incurred as a result of her injury, including those incurred prior to the time she reached majority, application of the relation-back doctrine is appropriate. We disagree.

¶ 16    The relation-back doctrine is embodied in section 2-616(b) of the Code of Civil Procedure:

"The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute *** prescribing or limiting the time within which an action may be brought *** if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery *** if the

- 4 -

condition precedent has in fact been performed \*\*\*." 735 ILCS 5/2-616(b) (West 2012).

Assuming the foregoing requirements are met, the amended pleading, for the purpose of determining its timeliness, will relate back to the date the original pleading was filed. *Id.*

¶ 17     Pirrello relies on our supreme court's decision in *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343 (2008), to argue that the claim for medical expenses under the Act grew out of the same transaction or occurrence alleged in her original complaint and thus her request to file an amended pleading adding her father as a plaintiff in order to assert that claim was timely. *Porter* dealt with a common relation-back analysis where the plaintiff's original complaint contained certain specified acts of alleged medical negligence and the amended complaint, filed several years later, alleged an additional negligent act in the course of plaintiff's treatment. The court found that because the proposed amendment related to the "same transaction or occurrence" alleged in the original complaint and had a "sufficiently close relationship" to the malpractice claim initially alleged, the amendment related back to the commencement of the lawsuit and was thus timely. *Id.* at 361-63.

¶ 18     Stressing that Maryville has always known that she intended to pursue recovery of all of her medical and related expenses and thus would not be prejudiced by allowing her proposed third amended complaint, Pirrello contends that the reasoning of *Porter* mandates a finding that the claim for medical expenses incurred prior to her eighteenth birthday is not time-barred. But such reasoning overlooks the fact that (i) absent an assignment from her father, Pirrello has never had a claim for medical expenses incurred when she was a minor and thus lacked standing to pursue that claim and (ii) the owner of the claim, Pirrello's father, having never pursued the claim, is precluded from doing so now.

¶ 19     Citing federal authority with approval, *Porter* recognized that when the facts alleged in the amended pleading "lead to arguably different injuries," relation back is not appropriate. *Id.* at 359 (citing *In re Olympia Brewing Co. Securities Litigation*, 612 F. Supp. 1370, 1372 (N.D. Ill. 1985)). As we have noted, the injury Pirrello's father was entitled to redress is based on his financial responsibility to pay his minor daughter's medical bills under the Act. That injury is separate and distinct from the personal injury suffered by Pirrello, a claim she elected to pursue in her own right upon attaining majority. Since Pirrello's father clearly chose not to pursue a claim for recovery under the Act and never assigned his ability to do so to his daughter, the circuit court properly concluded that Pirrello's attempt to assert this claim absent an assignment from her father was a legal nullity and that her proposal to amend her complaint by adding her father as a plaintiff could not cure that defect given that her father's claim was time-barred.

¶ 20     Pirrello's reliance on the relation-back doctrine would make sense if, for example, her father had in fact assigned his claim under the Act to her, but she failed to allege the existence of the assignment until after the expiration of the statute of limitations. Under such circumstances, Pirrello's proposed third amended complaint would cure a defect in her original pleading by including allegations relating to the assignment, a necessary condition precedent to her right to recover medical expenses incurred while she was a minor. But what Pirrello proposed to do here was add her father as a party-plaintiff so that he could assert a claim under the Act on his own behalf–a claim that was untimely. Applying the relation-back doctrine in this case would have the effect of reviving a time-barred claim that has never been owned by the only party-plaintiff and was never timely asserted by the claim's owner.

## CONCLUSION

The circuit court correctly concluded that the relation-back doctrine could not be used to revive an untimely claim under the Family Expense Act. We therefore affirm the order granting summary judgment to Maryville on Pirrello's entitlement to recover medical and other related expenses incurred prior to the date she turned 18.

Affirmed.