# Illinois Official Reports

## Appellate Court

---

**In re Estate of Kleine, 2015 IL App (2d) 150063**

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF NANCY KLEINE (Richard Calkins, as Administrator of the Estate of Nancy Kleine, Plaintiff-Appellee, v. Alden Park Strathmoor, Inc., and Alden Park Strathmoor, LLC, Defendants-Appellants). |
| District & No. | Second District<br>Docket No. 2-15-0063 |
| Filed | April 28, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County; No. 14-L-79; the Hon. J. Edward Prochaska, Judge, presiding. |
| Judgment | Certified question answered; cause remanded. |
| Counsel on Appeal | Lisa A. Jensen, of Jensen Law Office, LLC, of Rockford, for appellants.<br><br>Lynne Plum Duffey, of Law Offices of Craig L. Manchik & Associates, of Chicago, for appellee. |

Panel        JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendants, Alden Park Strathmoor, Inc., and Alden Park Strathmoor, LLC, petitioned for leave to appeal under Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), asking that we answer the question of whether the relation-back doctrine applied to the amended pleadings, filed after the action's limitations period had run, of plaintiff, Richard Calkins. For the reasons set forth herein, we answer the question in the affirmative: the amended pleadings related back to the timely filed complaint.

¶ 2             I. BACKGROUND

¶ 3   Nancy Kleine passed away on March 26, 2012, prior to the filing of this action. Her probate estate (the Estate) was opened September 28, 2012, and an order appointing Calkins as the special administrator of the Estate was entered January 7, 2013, with letters of office filed the same day.

¶ 4   Jim Kleine initiated this action on March 18, 2014, filing a three-count complaint that alleged violations of the Nursing Home Care Act (210 ILCS 45/1-101 *et seq.* (West 2012)), negligence under the Illinois Survival Act (755 ILCS 5/27-6 (West 2012)), and wrongful death under the Illinois Wrongful Death Act (Act) (740 ILCS 180/1 *et seq.* (West 2012)). Calkins was not named as a plaintiff. Jim brought the suit individually and as special administrator of the Estate. However, Jim was not special administrator of the estate until March 20, 2014, when the court granted his motion to be appointed special administrator.

¶ 5   Jim filed a first amended complaint on June 9, 2014, after he and defendants entered an agreed order to dismiss count I (Nursing Home Care Act violation) without prejudice. The amended complaint did not add Calkins as a plaintiff.

¶ 6   On July 17, 2014, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)). In their motion to dismiss, they argued that the appointment of Jim as special administrator of the Estate was void because letters of office for the Estate had already issued for Calkins and thus the court lacked jurisdiction to appoint Jim. On July 23, 2014, the trial court entered an order granting defendants' motion to dismiss and allowing Calkins 14 days to file an amended complaint.

¶ 7   On August 8, 2014, Calkins, now as plaintiff, filed a second amended complaint, as special administrator of the Estate.[1] On August 18, defendants moved to dismiss the second amended complaint on the basis that it was filed after the relevant limitations period had run and did not relate back to the original complaint. On October 17, 2014, the trial court denied defendants' motion to dismiss and ordered that they answer plaintiff's second amended complaint.

---

[1]The amended complaint was actually entitled "1st Amended Complaint at Law," but we note, as did the trial court in its October 17, 2014, order, that the amended complaint was incorrectly captioned.

¶ 8        On October 30, 2014, defendants filed a motion to reconsider or, in the alternative, for leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 308. In their motion, defendants argued that the recently decided case of *Pirrello v. Maryville Academy, Inc.*, 2014 IL App (1st) 133964, directly applied to this case and supported that plaintiff's second amended complaint did not relate back to the original complaint. On December 29, 2014, the trial court denied defendants' motion to reconsider and granted their motion for an interlocutory appeal. On January 8, 2015, the trial court found that the order involved a question of law for which there were substantial grounds for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. The court certified the following question:

> "Whether the relation back doctrine applies when a wrongful death and survival action is timely filed by an improperly appointed special administrator, who was appointed pursuant to the Act despite the fact that letters of office had already issued, pursuant to the Probate Act, to another person who did not bring the action nor substitute in as plaintiff within the statute of limitations?"

¶ 9        We granted defendants' petition for leave to appeal.

¶ 10                                    II. ANALYSIS

¶ 11        Our review of a certified question on permissive interlocutory appeal is governed by Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57 (2007). Illinois Supreme Court Rule 308 provides an avenue for permissive appeal of an interlocutory order where the trial court finds that the order involves a question of law for which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 133 (2008). On appeal pursuant to Rule 308, we are limited to the question certified by the trial court, and the question must be one of law, which we review *de novo*. *Barbara's Sales, Inc.*, 227 Ill. 2d at 58; *In re Estate of Williams*, 366 Ill. App. 3d 746, 748 (2006).

¶ 12        Here, the trial court found that its order involved a question of law for which substantial grounds for difference of opinion exist and that resolution of the issue would materially advance the ultimate termination of the litigation. However, plaintiff argues that the certified question meets neither of these two requirements for a Rule 308 appeal.

¶ 13        First, we address the material-advancement-of-the-litigation prong. Plaintiff argues that the certified question is deficient in that it does not mention what amendment the court found to have related back, nor does it mention that it was undisputed that the amendment arose out of the same transaction or occurrence. Plaintiff continues that, because the question is improper and incomplete, its answer cannot materially advance the litigation. We disagree that the question is improper or incomplete. First, it is clear that the impetus for the appeal is whether the second amended complaint relates back to the original complaint. Second, we decide questions of law on Rule 308 appeals, not whether the law was correctly applied to the specific facts. See *Walker*, 383 Ill. App. 3d at 133. We may not address whether the amended complaint arose out of the same transaction or occurrence as the original. That is a fact question, which the trial court properly did not attempt to certify. Rather, we may answer only the certified question of law, which, fairly construed, is whether an amended complaint relates back to the original, timely filed complaint where the original complaint was filed by an

improperly appointed special administrator under the Act and the amended complaint substituted in the properly appointed administrator as plaintiff after the limitations period had run. We find that resolution of this issue could materially advance the litigation because, if we answer in the negative, defendants' motion to dismiss should have been granted.

¶ 14    Next, we address the substantial-grounds-for-difference-of-opinion prong. Plaintiff argues that no substantial ground exists, but he acknowledges that, as defendants assert, the certified question has not been directly addressed by us or our supreme court. Defendants begin their argument with the premise that the appointment of a special administrator under the Act, such as Jim's appointment here, is void where no prior letters of revocation issued for the duly appointed administrator, here, plaintiff. See, *e.g.*, *Relf v. Shatayeva*, 2013 IL 114925, ¶ 52 ("[I]n the context of the Wrongful Death Act [citation], courts have concluded that appointment of a special administrator after a petition for issuance of letters of office has been filed is void."). Thus, defendants continue, any relation back of the amended complaint would be to a void filing. They argue that the certified question presents an issue distinguishable from that in cases where the identities of the plaintiffs did not change but only their capacities. In circumstances such as those here, only the administrator of an estate has the authority to bring an action on behalf of the estate. See, *e.g.*, *Kubian v. Alexian Brothers Medical Center*, 272 Ill. App. 3d 246, 252 (1995). Defendants ask: "If the properly appointed administrator under the Probate Act is *the only* person who can bring a cause of action on behalf of an estate and such administrator does not file any claim within the limitations period, how can the actions of someone without power to sue on behalf of the estate act to preserve the cause of action?" (Emphasis in original.) Accordingly, we will consider the issue because of its novelty and the intuitive appeal of defendants' arguments.

¶ 15    Turning to the certified question itself, defendants argue that the relation-back doctrine does not apply where only one person owns a cause of action and that person does not file a complaint within the limitations period. Defendants rely on three cases for support.

¶ 16    First, defendants cite *In re Estate of Mankowski*, 2014 IL App (2d) 140154. There, a widow filed suit against her late husband's caregivers. *Id.* ¶ 1. The plaintiff filed her complaint against the defendants in March 2011, but in September 2013 she filed a motion seeking leave to file a petition for her appointment as special administrator of the estate and for that appointment to relate back to the original filing. *Id.* ¶¶ 4-5. The defendants moved to dismiss the case on the basis that, because the original complaint was improperly filed and void, the trial court never had subject matter jurisdiction over the claims and thus the appointment could not relate back to the original complaint. *Id.* ¶ 6. The trial court denied the defendants' motion to dismiss and appointed the plaintiff as special administrator in order to continue prosecuting the action. *Id.* ¶ 7.

¶ 17    On appeal, we held that "[a]lthough plaintiff in her individual capacity could not maintain a wrongful death suit [citation], it was not subject to dismissal; the trial court's appointment of plaintiff as special administrator 'cured' this procedural defect." *Id.* ¶ 47. We continued that, because the plaintiff was "an identifiable, real person, and not a fictional entity," the trial court could appoint her as special administrator of the estate, the suit was not a nullity, and subject matter jurisdiction existed. Therefore, the trial court was right to deny the defendants' motion to dismiss; the appointment of the plaintiff cured the only defect in the original, timely complaint, and she was not required to file an amended complaint after her appointment as special administrator. *Id.* ¶¶ 49, 51. The plaintiff was the "only party by whom and in whose

name the suit could be brought." *Id.* ¶ 52. In a special concurrence, Justice Zenoff reached the same outcome via an alternative rationale, relying on *Pavlov v. Konwall*, 113 Ill. App. 3d 576, 578-79 (1983), which held that the relation-back doctrine applied where an improperly appointed administrator was not properly appointed until after the limitations period for the wrongful-death complaint had run. *Mankowski*, 2014 IL App (2d) 140154, ¶ 72 (Zenuff, J., concurring). Justice McLaren specially concurred in both rationales.

¶ 18    Defendants argue that, because we held that the plaintiff was the *only person* who could bring the cause of action, *Mankowski* supports their position, because here plaintiff was the only person with the authority to bring the original complaint. Defendants continue that *Mankowski* demonstrates that relation back is allowed when the plaintiff's capacity changes as long as the plaintiff is the only person who could inhabit that capacity. However, defendants argue, we should not infer from this that the relation-back doctrine applies when the change is to the plaintiff's identity, not his capacity, and when another person properly holds the necessary capacity to sue.

¶ 19    Second, defendants cite *Pirrello*, 2014 IL App (1st) 133964. In *Pirrello*, the plaintiff sued the defendant, a facility for young people with behavioral and mental health issues, for damages she incurred while a resident at the facility. *Id.* ¶¶ 3-4. The defendant filed a motion for partial summary judgment, arguing that the plaintiff was not entitled to recover damages incurred from the date of her accident to when she turned 18. *Id.* ¶ 5. The defendant argued that the plaintiff was covered by her father's health insurance at the time of her injuries and that her bills for her injuries were sent to her father and submitted to his insurance. *Id.* ¶ 6. The plaintiff's father never assigned his claim for recovery of those expenses under the Rights of Married Persons Act, commonly known as the Family Expense Act (750 ILCS 65/15(a)(1) (West 2008)), nor did he have any intention of joining her lawsuit. *Pirrello*, 2014 IL App (1st) 133964, ¶ 6. In response to the defendant's motion, the plaintiff sought leave to file an amended complaint adding her father as a plaintiff and asserting a claim under the Family Expense Act, although the applicable limitations period had run. *Id.* ¶ 7. The trial court denied her motion to file an amended complaint and granted partial summary judgment for the defendant, finding that any claim under the Family Expense Act was time-barred. *Id.* ¶ 8.

¶ 20    On appeal, the plaintiff argued that her father's claim under the Family Expense Act would relate back to the date she filed her original, timely complaint, because it arose out of the same transaction or occurrence, that is, her personal injuries. *Id.* ¶ 15. In affirming the trial court, the First District held that the relation-back doctrine did not apply, because the plaintiff never owned the cause of action under the Family Expense Act and that cause of action arose not out of her personal injuries but out of a separate and distinct occurrence, that is, her father's responsibility under the Family Expense Act to pay her medical bills. *Id.* ¶¶ 19-20. Because the plaintiff's father, as the owner of the cause of action, did not assert the claim within the limitations period, the trial court properly held that the claim was time-barred. *Id.* ¶ 20.

¶ 21    Defendants analogize the *Pirrello* situation to the situation here as follows. Because Jim did not own the cause of action on behalf of the Estate, as the *Pirrello* plaintiff did not own her father's cause of action under the Family Expense Act, the complaint could not be amended to add the owner after the limitations period had run. Plaintiff was the sole owner of the right to sue on behalf of the Estate, just as in *Pirrello* the plaintiff's father had the sole right to assert a claim derived from the Family Expense Act. Finally, the *Pirrello* court found that the plaintiff's attempt to assert the claim owned by her father was a legal nullity and that her

- 5 -

proposed amendment to the complaint would not cure that defect, because the father's claim was time-barred. *Id.* ¶ 19. Likewise, here, Jim did not have the authority to assert the original claim on behalf of the Estate and it was a nullity, and amending the complaint to add plaintiff could not cure the defect, because the limitations period had run.

¶ 22    Third, defendants cite *Kubian*, 272 Ill. App. 3d 246. In *Kubian*, the plaintiff's husband was taken to the defendants' medical center, and he died upon being transferred by the defendant to its hospice care unit. *Id.* at 248. The husband's daughter from another marriage opened his estate as executor, and during the pendency of his estate the plaintiff signed an agreement waiving her rights in the estate and ratifying an antenuptial agreement, which itself stated that she would not make a claim as to any part of the estate and that she waived certain rights in the estate. *Id.* at 249. The plaintiff filed a wrongful-death suit in her individual capacity during the pendency of the estate, but the daughter did not bring a wrongful-death claim before the estate closed. *Id.*

¶ 23    We held that the trial court did not err in granting the defendants' motion to dismiss the wrongful-death claim. *Id.* at 250. In reaching our holding, we found that the relation-back doctrine did not apply to the wrongful-death claim, for several reasons: (1) the daughter had the sole authority to control any litigation on behalf of the estate; (2) the Act would not allow an appointment of a special administrator, because the estate had assets of approximately $33,000 (see 740 ILCS 180/2.1 (West 1992) (a necessary condition for appointment of special administrator is that the estate not have an asset beyond a cause of action arising under the Act)); and (3) letters of office had already issued by the time the plaintiff filed suit, and thus the trial court did not have the authority under the Act to appoint a special administrator. *Kubian*, 272 Ill. App. 3d at 252. "The 'relation back' doctrine [did] not, therefore, cure the plaintiff's procedural miscues." *Id.* However, this logic did not apply to the plaintiff's loss-of-consortium claim, which was a common-law cause of action, and we ultimately let the plaintiff proceed on that claim. *Id.* at 252-57.

¶ 24    Defendants argue that *Kubian*, along with *Mankowski* and *Pirrello*, provides a basis to answer the certified question in the negative. We disagree, finding that none of the three cases provides such a basis.

¶ 25    First, *Mankowski* does not aid defendants. In *Mankowski*, we held that the plaintiff's amended complaint did relate back to the original complaint. *Mankowski*, 2014 IL App (2d) 140154, ¶ 56. The plaintiff filed her original complaint in her individual capacity but later the trial court granted her motion to be appointed as special administrator of the estate. *Id.* ¶¶ 6-7. We held that her amended complaint, which grew out of the same transaction or occurrence that was set out in the original complaint and which properly reflected her capacity as special administrator, related back to the original complaint that she filed only in her individual capacity. *Id.* ¶ 56. The logic of that case supports, rather than contradicts, the notion that an amended complaint can relate back when the plaintiff in the original complaint lacked the authority to sue under the Act.

¶ 26    Next, *Pirrello* presents a distinguishable situation from that posed by the certified question before us. There, the plaintiff sought to amend her complaint to bring a claim under the Family Expense Act, after the limitations period had run, but the claim did not arise out of the same transaction or occurrence as did the plaintiff's original claim. The plaintiff's original claim arose when she was personally injured while a resident at the defendant's facility, whereas her father's Family Expense Act claim arose out of his obligation to pay his daughter's medical

bills. *Pirrello*, 2014 IL App (1st) 133964, ¶¶ 12, 19 (father's claim was not a claim for damages resulting from plaintiff's personal injuries but was a "separate and distinct" claim for her medical expenses under the Family Expense Act). The resolution of the certified question before us depends not on whether the amended complaint arises out of the same transaction or occurrence–the question implicitly assumes that–but instead on whether a change in parties–from a party without the capacity to sue to a party with the capacity to sue–precludes relation back under the Act. Accordingly, *Pirrello*, which held that the relation-back doctrine did not allow the plaintiff to amend her complaint to add a *separate and distinct* cause of action after the limitations period had run, does not support defendants' position in the resolution of the question before us.

¶ 27      Finally, *Kubian* presented a situation similar to that here but with one crucial difference: In *Kubian*, the plaintiff attempted in her amended complaint to be appointed as special administrator of her husband's estate despite an administrator already having been appointed, whereas here the question asks whether it was proper to substitute Calkins, the already appointed administrator, as plaintiff. Relation back did not apply in *Kubian* because under the Act, once letters of office issued to the deceased's daughter, the court had no power to appoint the plaintiff as special administrator in order to prosecute her claim. *Kubian*, 272 Ill. App. 3d at 252. Therefore, the determinative issue in *Kubian* was not actually the relation-back doctrine, because relation back, even if it theoretically applied, could not "cure the plaintiff's procedural miscues," that is, the court could not appoint the plaintiff as special administrator to prosecute her amended claim whether the amended claim was timely or not. *Id.*

¶ 28      In contrast to *Kubian* is the First District's holding in *Pavlov*, 113 Ill. App. 3d 576, which we adopted in *Mankowski*. In *Pavlov*, the plaintiff filed a complaint under the Act on behalf of the deceased's estate. *Id.* at 577. The plaintiff filed his original complaint the same day he moved to be appointed as administrator of the estate, but his appointment was defective because it was made upon his motion and he was not entitled to recovery under the Act. *Id.* The defendant therefore moved to dismiss the complaint, and the court granted the dismissal but later vacated it and reinstated the cause. The plaintiff filed an amended complaint but it was stricken. *Id.*

¶ 29      Approximately nine months after the filing of the original complaint–and after the two-year limitations period had run–the plaintiff was properly appointed administrator of the estate, and he subsequently filed his second amended complaint, making substantially the same allegations as in the original. *Id.* The trial court denied the defendant's motion to dismiss but certified the following question for appeal: " 'Does a proper appointment of an administrator relate back to the initial filing of a complaint under the Wrongful Death Act?' " *Id.*

¶ 30      In answering the question, the court noted that the relation-back doctrine was included in the Code of Civil Procedure "to implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading." *Id.* at 578. In light of the purpose of the relation-back doctrine, the court held that the plaintiff's second amended complaint related back to the filing of the original complaint. *Id.* at 578-79. The court reasoned that both complaints made substantially the same allegations and arose out of the same transaction or occurrence and that the estate was always named as the interested party. *Id.* at 579. Moreover, the fact that the plaintiff was not properly named administrator until after the limitations period had run was "a technical consideration" that

"should not prevent the cause from being decided on its merits in furtherance of justice." *Id.* Further, the court rejected the argument that the failure to meet certain conditions precedent under the Act, in particular that the action be brought in the name of the personal representative of the deceased, warranted dismissal of the amended complaint. *Id.* at 580. Rather, the court noted, an amendment may relate back to a timely filed complaint in order to cure a defective pleading that did not set forth a condition precedent under the Act. *Id.*; see *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669, 676-77 (1978).

¶ 31    Further problematic for defendants' position is *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88 (1995). There, a father filed three amended wrongful-death complaints on behalf of his deceased daughter's estate, with the original complaint filed within the limitations period. *Id.* at 91, 103. The father sued in his capacity as special administrator of the estate and sought damages on behalf of the decedent's " 'next in kin.' " *Id.* at 91. It was later discovered, however, that the decedent had been married and therefore her parents were not " 'next in kin' " within the meaning of the Act. *Id.* A corporate administrator, Boatmen's National Bank of Belleville, was subsequently appointed special administrator of the estate and filed the fourth through ninth amended complaints. *Id.* at 93-96. The action went to trial on the ninth amended complaint, and Boatmen's secured a jury verdict for $2,500. *Id.* at 96. On appeal, however, the Fifth District reversed the judgment in a split decision, with the majority finding that the ninth amended complaint, which was filed outside of the limitations period, did not relate back to the original complaint. *Id.* at 97.

¶ 32    Our supreme court reversed the appellate court, reasoning that the original complaint informed the defendant of the nature of the underlying cause of action, that it was brought on behalf of the decedent's next of kin, and that the amended complaint did not change the nature of the suit, which was an action to recover for the wrongful death of the decedent. *Id.* at 105. Therefore, the amended complaint grew out of the same transaction or occurrence as the original, and allowing relation back furthered the legislative intent of preserving a cause of action against loss by overly technical application of the rules of pleading. *Id.* In its analysis, the supreme court also cited approvingly the American Law Reports:

> " 'By the weight of authority, the addition as parties plaintiff in an action under the wrongful death statutes, of persons who might have instituted the action, is not regarded as the beginning of a new action by such additional plaintiffs as regards the statute of limitations.' " *Id.* (quoting C.T. Drechsler, Annotation, *Change in Party After Statute of Limitations Has Run*, 8 A.L.R.2d 6, 47 (1949)).

¶ 33    After considering these cases and the relation-back statute itself (735 ILCS 5/2-616 (West 2012)), we answer the certified question in the affirmative: The relation-back doctrine applies to an amended wrongful-death and survival complaint where the original complaint was timely filed by an improperly appointed special administrator and the amended complaint substituted in the properly appointed administrator after the limitations period had run. The situation presented by the certified question is similar to that in *Pavlov*, where the court found that the amended complaint related back because the amended complaint made substantially the same allegations and arose out of the same transaction or occurrence, the estate was always listed as an interested party, and technical rules of pleading should not preclude resolving the case on its merits. The main difference between *Pavlov* and the question before us is that in *Pavlov* no person was properly appointed as administrator until after the limitations period had run, whereas here a proper administrator was timely appointed but not added as a plaintiff until

after the limitations period had run. Yet, for purposes of the Act, the *Pavlov* plaintiff had the same authority to file the original complaint as Jim did: none.

¶ 34 Moreover, defendants' reliance on *Mankowski* is misplaced, as *Mankowski* supports permitting relation back here. There, we found that the plaintiff was allowed to amend her complaint to add her capacity as the properly appointed special administrator and that the amended complaint related back to her original, timely complaint. The main difference between *Mankowski* and the situation here is the same difference present in *Pavlov*: in *Mankowski*, there was no special administrator appointed within the limitations period but the plaintiff was eventually appointed administrator, whereas here a proper administrator was timely appointed but not added as plaintiff until after the limitations period had run.

¶ 35 We see no reason why these differences should affect our application of the relation-back doctrine, and we stand by the holdings in *Pavlov* and *Mankowski*. *Pavlov*, *Mankowski*, and this case are all similar in that all the amended complaints added a proper plaintiff after the limitations period. The relation-back doctrine allows amendments if (1) the original complaint was timely filed, and (2) the cause of action grew out of the same transaction or occurrence set out in the original, timely complaint. 735 ILCS 5/2-616(b) (West 2012); see *Boatmen's National Bank of Belleville*, 167 Ill. 2d at 101-02 (relation back allowed if two requirements are met: the original pleading was timely filed and the original and amended pleadings grew out of the same transaction or occurrence). While section 2-616(b) allows relation back if these two conditions are met, section 2-616(a) describes the amendments that may be made "any time before final judgment," which include changing the cause of action, adding defenses, or "introducing any party who ought to have been joined as plaintiff." 735 ILCS 5/2-616(a) (West 2012). Moreover, we "liberally construe the requirements of section 2-616(b) in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance." *Boatmen's National Bank of Belleville*, 167 Ill. 2d at 102. Therefore, we hold that whether the amended complaint added a new party or the same party in a new capacity does not affect our relation-back analysis. To hold otherwise would be inconsistent with the purpose of the relation-back doctrine and would elevate the technical rules of pleading above our interest in resolving cases on the merits.

¶ 36 Accordingly, we reject defendants' argument and answer the certified question in the affirmative.

¶ 37                                            III. CONCLUSION

¶ 38 We have answered the certified question in the affirmative. That is, the relation-back doctrine applies to an amended complaint under the Act, where the original complaint was timely filed by an improperly appointed special administrator and the amended complaint substituted in the properly appointed administrator after the limitations period had run. We remand the cause to the trial court for further proceedings.

¶ 39 Certified question answered; cause remanded.